<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-1156**

———————

LEONARDO SERVO MEDINA-FERNANDEZ,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals. (A23-108-169)

———————

Submitted:  September 15, 2004        Decided:  October 7, 2004

———————

Before LUTTIG and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petition dismissed by unpublished per curiam opinion.

———————

Nathaniel Sims, LAW OFFICE OF NATHANIEL SIMS, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, Richard M. Evans, Assistant Director, Carl H. McIntyre, Jr., Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Leonardo Servo Medina-Fernandez, a.k.a. Leonardo Fernandez, a native and citizen of Mexico, petitions for review of a Final Administrative Removal Order issued by the Immigration and Naturalization Service ("INS"). Fernandez was found removable because he was an alien who was admitted without inspection and had committed in California an aggravated felony. Fernandez contends he was not the person alleged to have committed the aggravated felony. He further alleges he was not properly served with the order of removal. Because we lack jurisdiction, we dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2000), "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense [including an aggravated felony] . . ." We have noted that "under this section there is plainly no appellate recourse from a final order of removal for an alien who is removable because he has committed an offense encompassed by section 1227(a)(2)(A)(iii), that is, because he has committed an aggravated felony." Lewis v. INS, 194 F.3d 539, 541 (4th Cir. 1999). We retain jurisdiction to determine whether the jurisdictional facts precluding review are present in a particular case. Id. at 541-42. The jurisdictional bar is triggered by a determination that a petitioner is an alien who has

been convicted of one of the statutorily enumerated offenses requiring removal. Id. at 542.

Our review is limited to the administrative record. In addition, administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4) (2000).

We find nothing in the record to contradict the finding that Fernandez is an alien who was admitted without inspection and who committed an aggravated felony here in the United States. Thus, we lack jurisdiction to consider this petition for review. We dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED